Christopher L. MOORE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0809–CR–542.

Court of Appeals of Indiana.

June 4, 2009.

Rehearing Denied July 29, 2009.

Steven J. Halbert, Carmel, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Henry A. Flores, Jr., Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Christopher L. Moore ("Moore") was convicted in Marion Superior Court of Class B felony robbery and Class C felony battery and was sentenced to an aggregate term of nineteen years. Moore appeals and claims: (1) that the trial court abused its discretion in imposing sentence, and (2) that his sentence is inappropriate. We affirm.

### Facts and Procedural History

On May 1, 2008, Moore was at a pawn shop in Marion County trying to pawn wheel rims. Also at the pawn shop was the victim in this case, Gustav Serrano ("Serrano"). Moore told Serrano that his rims would fit Serrano's truck and offered to sell them to him for $400. Serrano indicated that he was interested in buying the rims, but had to see if he could come up with $400. Moore ultimately pawned the rims at the shop.[1] Serrano, unaware that Moore had already pawned the rims, later called Moore and asked if the rims were still for sale. Moore lied to Serrano, indicated that the rims were still for sale, and told Serrano to meet him at the parking lot of a local supermarket.

Serrano drove to the supermarket with his two young children. Moore and an accomplice met Serrano at the supermarket and told him to follow them to an apartment building where they said the rims were located. At the apartment complex, Moore indicated to Serrano to follow him inside a specific door. Serrano exited his truck and entered the door that Moore had indicated.

When Serrano went through the door, Moore's accomplice threatened him with a knife, and Moore grabbed him from behind and began to choke him. Serrano begged his attackers not to kill him, stating that his children were in the car and looking in their direction. Unmoved, Moore told his accomplice to stab Serrano. Serrano fought off Moore's knife-wielding accomplice until he lost consciousness as a result of being choked. Serrano remained unconscious for approximately fifteen minutes. When he came to, he noticed that his money, keys, and mobile phone had been stolen. As a result of the attack, Serrano suffered numerous abrasions and bruises.

On May 9, 2008, the State charged Moore with Class B felony robbery, Class C felony battery, and Class D felony strangulation. Following a jury trial held on July 1, 2008, Moore was found guilty as charged. At sentencing, the trial court found Moore's prior criminal history to be a significant aggravating factor. Specifically, the trial court noted that Moore had

---

1. Specifically, Moore had a friend sign the pawn ticket because he did not have any identification.

two prior felony convictions, one for residential burglary and another for stalking, in addition to two prior misdemeanor convictions, one for battery and another for invasion of privacy. The trial court also found two mitigating circumstances, that Moore was employed and that a long period of incarceration would be an undue hardship to Moore's dependents. However, the trial court did not "give much credence to the employment." Tr. p. 244.

Noting that the State could have filed a habitual offender enhancement because the instant convictions would have been Moore's third and fourth felony convictions, the trial court concluded that the aggravators outweighed the mitigators. The trial court then sentenced Moore to thirteen years for the robbery conviction, six years for the battery conviction, and ordered the sentences to be served consecutively.[2] Moore now appeals.

## I. Sentencing Discretion

Generally, sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g*, 875 N.E.2d 218. "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Id.* The decision to impose consecutive sentences also lies within the discretion of the trial court. *Williams v. State*, 891 N.E.2d 621, 630 (Ind.Ct.App.2008). A trial court is required to state its reasons for imposing consecutive sentences or enhanced terms, but the court may rely on the same reasons to impose an enhanced sentence and also impose consecutive sentences. *Id.*

Moore claims that the trial court abused its discretion in imposing consecu-

tive sentences. Moore claims that "where the mitigating factors and aggravating factors balance[,] there is no basis to impose consecutive terms." Appellant's Br. p. 4 (citing *Wentz v. State*, 766 N.E.2d 351, 359 (Ind.2002)). Be that as it may, the trial court here did *not* find the aggravating and mitigating factors to be in balance. To the contrary, the trial court specifically found that Moore's prior criminal history was a significant aggravating factor which outweighed the mitigating factors.

Moore also claims that the trial court abused its discretion in finding his criminal history as an aggravating factor and that this one aggravating factor outweighed the mitigating factors. Moore is wrong on both accounts. Pursuant to statute, the trial court could properly consider Moore's criminal history as an aggravating factor. *See* Ind.Code § 35–38–1–7.1(a)(2) (2004 & Supp.2008). Moreover, to the extent that Moore claims that the trial court erred in its weighing of his criminal history, this argument is no longer available to him. *See Anglemyer*, 868 N.E.2d at 491.

Moore further argues that the trial court was required to specifically state its reasons for ordering consecutive, rather than concurrent, sentences. As noted by the State, our supreme court has held that "there is neither any prohibition against relying on the same aggravating circumstances both to enhance a sentence and to order it served consecutively, nor any requirement that the trial court identify the factors that supported the sentence enhancement separately from the factors that supported consecutive sentences." *Blanche v. State*, 690 N.E.2d 709, 716 (Ind. 1998). The trial court here identified aggravating and mitigating factors, concluded that the aggravating factor outweighed

2. The trial court "merged" the strangulation conviction with the battery conviction for purposes of sentencing.

the mitigating factors, and immediately thereafter ordered Moore's sentences to be served consecutively. We therefore cannot say that the trial court abused its discretion in ordering that Moore's sentences be served consecutively.

## II. Appellate Rule 7(B)

■ Moore also requests that we review his sentence pursuant to Indiana Appellate Rule 7(B).[3] Pursuant to Indiana Appellate Rule 7(B), this court may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." On appeal, it is the defendant's burden to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006). Moore has not met his burden.

■ Regarding the nature of the offense, we note that Moore committed a carefully planned robbery; Moore lured Serrano to an apartment, lay in wait, attacked Serrano from behind, and choked him. Even though Serrano begged his attackers not to kill him in view of his two young children, Moore told his accomplice to stab Serrano. Moore choked Serrano until he became unconscious, took his belongings, and left him injured.

Regarding the character of the offender, we note that Moore has accumulated two prior felony convictions, including a 1999 conviction in Illinois for residential burglary. While serving his sentence in that case, Moore twice violated his parole. Moore was also convicted in 2003 of Class C felony stalking, and his probation in that case was subsequently revoked. Moore has also been convicted of Class A misdemeanor battery and Class A misdemeanor invasion of privacy. Moore has also been arrested numerous other times. Suffice it to say that Moore has not led a law-abiding life. And Moore has not responded positively to the lenience that has previously been shown to him. Under these facts and circumstances, and giving due consideration to the trial court's decision, as we must, we conclude that Moore has not met his burden of demonstrating that his aggregate sentence of nineteen years is inappropriate.[4]

■ The State argues that Moore's sentence is inappropriately lenient. When a defendant requests that we review and revise his sentence under Appellate Rule 7(B), the State may respond to the defendant's argument by presenting reasons supporting an increase in the sentence. *McCullough v. State*, 900 N.E.2d 745, 750–51 (Ind.2009). Under the facts before us in this case, we might well agree with the

3. Specifically, Moore claims that his sentence is "manifestly unreasonable." Prior versions of Appellate Rule 7(B) permitted us to revise a sentence only if the sentence was manifestly unreasonable, whereas the current version of Appellate Rule 7(B), effective January 1, 2003, permits us to revise a sentence we find "inappropriate."

4. Moore also claims that his sentence is improper, noting that "[t]he maximum possible sentences are generally most appropriate for the worst offenders." *Buchanan v. State*, 767 N.E.2d 967, 973 (Ind.2002). Moore claims that because he was sentenced to an aggre-

gate term of nineteen years, his sentence is only one year shy of the maximum sentence of twenty years. Moore is mistaken. He was not sentenced to one year less than the maximum on either of his convictions. He was sentenced to thirteen years for robbery, which is seven years less than the maximum twenty-year sentence for a Class B felony. *See* Ind. Code § 35–50–2–5 (2004 & Supp.2009). And he was sentenced to six years for battery, which is two years less than the maximum eight-year sentence for a Class C felony. *See* Ind.Code § 35–50–2–6 (2004 & Supp.2009). Thus, Moore was sentenced to nine years less than the maximum consecutive sentence.

State. However, *McCullough* was handed down twenty-seven days *after* Moore's counsel briefed this case, and we are not inclined to apply *McCullough* retroactively without specific direction from our supreme court allowing us to do so.

### Conclusion

The trial court did not abuse its discretion in sentencing Moore, and Moore's aggregate sentence of nineteen years is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

RILEY, J., and KIRSCH, J., concur.