Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 29 2012, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK LEEMAN**
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JERRY L. WARD, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 09A04-1201-CR-54 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CASS CIRCUIT COURT
The Honorable Leo T. Burns, Judge
Cause No. 09C01-1006-FC-12

**August 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Jerry L. Ward, Jr., appeals the trial court's denial of his motion to withdraw his guilty plea and his aggregate sentence of eight and one-half years with one-half years suspended to probation. We conclude that Ward has failed to show that manifest injustice required the trial court to allow him to withdraw his guilty plea. We also conclude that the trial court did not abuse its discretion in sentencing Ward and that Ward has failed to persuade us that his sentence is inappropriate. We therefore affirm.

## Facts and Procedural History

On June 16, 2010, Ward operated a car in the 500 block of Miami Avenue in Cass County, Indiana. At the time, Ward knew that he was a habitual traffic violator and that his driving privileges were suspended for life pursuant to Indiana Code section 9-30-10-16. Ward also knew that he had a 2006 conviction for operating while intoxicated in Ohio. Before driving on this particular occasion, Ward had been drinking beer and was intoxicated. While driving, he collided with an unattended car, causing $1626.77 in damage. Ward then failed to stop at the scene and notify the owner of the car.

The State charged Ward with Class C felony operating a motor vehicle after driving privileges are forfeited for life, operating a vehicle while intoxicated endangering a person enhanced to a Class D felony based on an OWI conviction within five years, and Class B misdemeanor failure to stop after an accident resulting in damage to an unattended vehicle.

On the date of his scheduled jury trial, Ward pled guilty to all three charges without a written plea agreement. Tr. p. 32. After the trial court advised Ward of his

rights, including that Ward was waiving the right to appeal his convictions, the trial court said:

> *It sounds to me as though the sentencing in this case is going to be up to me, the Court*, and you will have the right after sentencing to appeal the sentencing decision, but you will not have the right to appeal the conviction of the offenses if you enter this plea of guilty. Do you understand this?

*Id.* at 35-36 (emphasis added). Ward said yes. The trial court also informed Ward of the penalties he faced (up to eight years for the C felony, up to three years for the D felony, and up to 180 days for the misdemeanor), that the State would be able to argue for the maximum sentences, that consecutive sentences were possible, and that his guilty plea would have an impact on his driving privileges. *Id.* at 38-41. Ward said that he understood and that his guilty plea was of his "own free choice and decision." *Id.* at 43. The court found that Ward's plea was "freely and voluntarily made" and that there was a factual basis for the plea. *Id.* at 50. The court accepted Ward's plea, ordered the preparation of a presentence investigation report, and set the matter for sentencing.

A sentencing hearing was held five weeks later. The PSI recommended eight years of incarceration followed by 180 days of probation. At the beginning of the hearing, the fifty-year-old Ward asked the trial court to withdraw his guilty plea because:

> I think that I misunderstood because I thought when I was pleading guilty that I was going to get something in writing saying how much time I was going to get. I didn't realize I was going to go into it blind and have no idea what I was going to be sentenced to. . . . I didn't know that I was going to be just getting sentenced out of the blue and not knowing what I was facing or what I was going to get.

*Id.* at 62-63. When defense counsel asked Ward if he had led Ward astray, Ward responded:

3

I guess I didn't understand that, that it was just going to be – I just want to, I want to – I thought that I would have a plea that I would sign and agree to. I didn't realize that it was just going to be a sentence straight up.

*Id.* at 63. Ward, who had four different public defenders in this case, explained that he had earlier rejected a written plea agreement in this case. Defense counsel explained to the trial court:

Well, Judge, I don't, it's hard for me to get in the mind of someone else. I know that Mr. Ward has a limited education, and I don't, I don't know what it was that he thought was going to happen. I can't speak to that. I know that there is an old plea agreement in the file signed by [the prosecutor], a proposed plea, that calls for a specific sentence, but apparently it was not ever accepted or was never followed through with.

*Id.* at 67. However, based on Ward's statements at the guilty-plea hearing, the court denied Ward's motion and proceeded to sentencing. *Id.* at 68.

The trial court found that there were no mitigating factors other than Ward's last-minute guilty plea. As for aggravators, the trial court identified Ward's twenty misdemeanor convictions, five felony convictions, and that numerous attempts at rehabilitation had failed. As the trial court aptly explained, "This is a classic case . . . of your past catching up with you." *Id.* at 75. The trial court sentenced Ward to eight years for the Class C felony and three years for the Class D felony, to be served concurrently. For the Class B misdemeanor, the trial court sentenced Ward to 180 days suspended to probation. The trial court ordered Ward's suspended sentence to be served consecutive to his eight-year sentence so that the court could monitor Ward's payment of $1626.77 in restitution, which was to be paid immediately or within thirty days of his release from prison.

Ward now appeals.

4

**Discussion and Decision**

Ward raises several issues on appeal. First, he contends that the trial court erred in denying his motion to withdraw his guilty plea. Second, he contends that the trial court abused its discretion in identifying his criminal history as an aggravator, not finding several mitigators, and ordering his 180-day suspended sentence to be served consecutive to his eight-year sentence. Finally, he contends that his eight-and-a-half-year aggregate sentence is inappropriate in light of the nature of the offenses and his character.

**I. Motion to Withdraw Guilty Plea**

Ward contends that the trial court erred in denying his motion to withdraw his guilty plea. Indiana Code section 35-35-1-4(b) governs motions to withdraw guilty pleas. After a guilty plea is entered, but before a sentence is imposed, a trial court may allow a defendant to withdraw his guilty plea for any fair and just reason unless the State has been substantially prejudiced by its reliance upon the defendant's plea. Ind. Code § 35-35-1-4(b). A motion to withdraw a guilty plea must be in writing and verified and must state facts in support of the relief demanded. *Id.* When the defendant fails to submit a written, verified motion to withdraw a guilty plea, the issue has been waived. *Carter v. State*, 739 N.E.2d 126, 128 n.3 (Ind. 2000); *Smith v. State*, 593 N.E.2d 1208, 1209 (Ind. Ct. App. 1992), *trans. denied.* However, the trial court shall allow the defendant to withdraw his plea of guilty whenever the defendant proves by a preponderance of the evidence that withdrawal of the plea is necessary to correct a manifest injustice. I.C. § 35-35-1-4(b), (e). Absent a showing of manifest injustice, the decision to grant or deny the motion is solely within the trial court's discretion. *Coomer v. State*, 652 N.E.2d 60,

61-62 (Ind. 1995); I.C. § 35-35-1-4(b).  In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty-plea hearing to decide whether his plea was offered "freely and knowingly."  *Coomer*, 652 N.E.2d at 62.  On appeal, the trial court's ruling carries a presumption of validity.  *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001).

Here, Ward made an oral motion to withdraw his guilty plea and has therefore waived this issue.  Waiver notwithstanding, Ward has not shown that manifest injustice required the trial court to allow him to withdraw his guilty plea.  At his plea hearing, Ward received all the statutorily required advisements from the trial court regarding the proceedings and his rights.  Ward stated that he understood the terms of his plea agreement, which was not in writing, and that he understood his rights and the consequences of pleading guilty.  Ward stated that he understood the nature of the charges, the possible penalties, and that his sentences could be consecutive.  The trial court told Ward that the State could argue for the maximum sentences and specifically that Ward's sentence was left for the court to decide.  Ward said that no one had forced or threatened him to plead guilty and that his guilty plea was of his "own free choice and decision."  Tr. p. 43.  Although Ward had earlier rejected a written plea agreement that apparently spelled out a specific sentence and had several public defenders, he has failed to show that manifest injustice required the trial court to allow him to withdraw his guilty plea.[1]

---

[1] Ward mentions but does not fully develop an argument that his trial counsel was ineffective during the plea process.  We note that this issue is best presented on post-conviction where a record can be better developed.

## II. Sentence

### A. *Abuse of Discretion*

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. Because a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, it cannot now be said to have abused its discretion in failing to properly weigh such factors.[2] *Id.* at 491.

Ward first argues that the trial court abused its discretion in identifying his criminal history as an aggravator. Ward has twenty misdemeanor convictions and five felony convictions. Ward, however, points out that his criminal history generally consists of "driving and consumption of alcohol" convictions and that his convictions are "chronologically remote" in time. Appellant's Br. p. 17. We note that two of Ward's

---

[2] To the extent that Ward argues that the trial court erred by failing to give enough weight to the aggravating or mitigating factors in this case, this argument is not available.

misdemeanor convictions are from September 2008, Appellant's App. p. 65, and that the offenses that Ward committed in this case are strikingly similar to many of the convictions in his criminal history. That is, Ward continues to drink and drive even though he does not have a driver's license. The trial court did not abuse its discretion in identifying Ward's extensive criminal history as an aggravator.

Ward next argues that the trial court abused its discretion by not finding several mitigators. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

Ward claims that his closeness with his adult children and many grandchildren and the fact that he still gave money to his adult children should have been mitigators. However, Ward did not claim that anyone would suffer undue hardship from his incarceration and has therefore failed to prove that these are significant mitigators. *See Benefield v. State*, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009), *trans. denied*.

Ward next claims, but does not really explain, that his age of fifty, completion of his GED several years after dropping out of school, and his troubled childhood should have been mitigators. Given Ward's lengthy criminal history and numerous chances to rehabilitate, Ward has also failed to prove that any of these are significant mitigators.

Ward finally claims that his statements in his PSI demonstrate remorse and a willingness to follow the law. Although Ward testified at his sentencing hearing, *see* Tr.

8

p. 74-75, he notably did not make any statements of remorse or willingness to follow the law. Given Ward's extensive criminal history, including that he repeatedly drives even though he does not have a driver's license and often does so under the influence, he has failed to prove that these are significant mitigators.

Finally, Ward argues that the trial court abused its discretion in ordering his 180-day suspended sentence for failure to stop after an accident resulting in damage to an unattended vehicle to run consecutive to his aggregate sentence of eight years for Class C felony operating a motor vehicle after driving privileges are forfeited for life and Class D felony operating a vehicle while intoxicated endangering a person.

A decision to impose consecutive or concurrent sentences is within the trial court's sound discretion and is reviewed only for an abuse of discretion. *Gellenbeck v. State*, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009). Although a trial court is required to state its reasons for imposing consecutive sentences, it may rely on the same aggravators to impose consecutive sentences as were used to pronounce sentences greater than the advisory. *Id.*

Here, the trial court's rationale for ordering Ward's 180-day suspended sentence to be served consecutive to his eight-year sentence was to monitor his payment of restitution. But this does not negate the fact that the trial court had already identified Ward's extensive criminal history as an aggravator. *See Moore v. State*, 907 N.E.2d 179, 181 (Ind. Ct. App. 2009) (noting that there is neither any prohibition against relying on the same aggravating circumstances both to enhance a sentence and to order it served consecutively nor any requirement that the trial court identify the factors that supported

9

the sentence enhancement separately from the factors that supported consecutive sentences), *reh'g denied*, *trans. denied*. Accordingly, the trial court did not abuse its discretion in ordering Ward's 180-day suspended sentence for failure to stop after an accident resulting in damage to an unattended vehicle to run consecutive to his eight-year sentence.

## *B. Appropriateness*

Ward contends that his eight and one-half year sentence with one-half year suspended to probation is inappropriate in light of the nature of the offenses and his character and should be revised to four years. Appellant's Br. p. 20. Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State,* 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in

10

sentencing the defendant, including whether a portion of the sentence is suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

A person who commits a Class C felony shall be imprisoned for a fixed term of between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6. A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years, with the advisory term being one and one-half years. Ind. Code § 35-50-2-7. A person who commits a Class B misdemeanor shall be imprisoned for a fixed term of not more than 180 days. Ind. Code § 35-50-3-3. The trial court sentenced Ward to eight and one-half years, with one-half year suspended to probation. This was within the statutory range.

As the trial court noted, the offenses were the result of a succession of very poor decisions on Ward's part. Ward, whose driving privileges were suspended for life, chose to drive after he had been drinking and then got into an accident and failed to stop at the scene. Although Ward tries to downplay the accident on grounds that no one was hurt, given his history of offenses it is a very serious matter.

As for Ward's character, his criminal history speaks volumes. The fifty-year-old Ward has twenty misdemeanor convictions and five felony convictions; many of his convictions involve alcohol and driving without a license, the very same offenses as this case. Prior efforts at rehabilitation have simply failed. Although there are other redeeming aspects to Ward's character, such as his good relationship with his family, his difficult childhood, and his completion of a GED after dropping out of school, none of these overcome the fact that, as the trial court stated, Ward cannot keep his past from

11

catching up with him.  That is, he continues to drive despite not having a license, and his driving is often done under the influence.  Ward has failed to persuade us that his eight-and-a-half-year sentence with one-half year suspended to probation is inappropriate.

Affirmed.

MATHIAS, J., and BARNES, J., concur.

12