**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRENDA PAINTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1304-CR-346 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1205-FB-982
Cause No. 48C04-1209-FA-1806

**November 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Brenda Painter appeals her sentence for two counts of Class B felony dealing in methamphetamine. Finding no abuse of discretion in the trial court's sentence and that Painter's aggregate twenty-two-year sentence, of which only ten years will be served in the Department of Correction, is not inappropriate in light of the nature of the offenses and her character, we affirm.

**Facts and Procedural History**

The factual basis in this case is limited. It was established at the guilty-plea hearing that in May 2012, Painter "did knowingly or intentionally aide, induce or cause another to manufacture methamphetamine, pure or adulterated." Tr. p. 14. Painter was charged with six counts. Appellant's App. p. 14-18. In September 2012, while released on bond and awaiting trial on the May 2012 charges, Painter again "did knowing [sic] or intentionally aide, induce, or cause" Mark Brown to manufacture methamphetamine. Tr. p. 14. Painter was charged with two counts. Appellant's App. p. 61-62. Neither the State nor Painter introduced further evidence about the offenses at the guilty-plea hearing.

On the day of the trial for both cases, Painter agreed to plead guilty. In the plea agreement, which covered both cases, Painter pled guilty to two counts of Class B felony dealing in methamphetamine. Tr. p. 13. The State dismissed the other six counts. *Id.* at 5-6. The sentence was left open to the trial court. Appellant's Br. p. 3.

At sentencing, the court found Painter's guilty plea as a mitigating factor. However, it was "entitled to very little weight given, uh, that it didn't happen until the day of your scheduled trial when the jurors and all the witnesses that have been inconvenienced and

2

the State had put the effort into trial preparation." Tr. p. 36. The trial court also decided to give it little weight because Painter's guilty plea "doesn't really involve an expression of your acceptance of sincere responsibility for the case, or any remorse." *Id.*

The court also found two aggravators. First, the court concluded that Painter's criminal history was an aggravator. The trial court stated that Painter's convictions for driving under the influence and possession of paraphernalia were aggravating in terms of Painter's criminal history. *Id.* Second, the court determined that the timing of Painter's second offense for dealing in methamphetamine was aggravating because it occurred while she was released on bond for the first dealing in methamphetamine case. The court ultimately concluded that the aggravators outweighed the mitigator. *Id.*

Despite the trial court's comments that Painter had multiple convictions, the pre-sentence investigation report (PSI) shows that Painter's sole previous conviction is a misdemeanor violation of an open-container law in South Carolina in 2001. PSI p. 5. Painter was also charged with an open-container violation in 2000, but the PSI does not state the disposition of that charge. *Id.* Similarly, in 1997, Painter was charged in South Carolina with driving under the influence, simple possession of marijuana, and possession of drug paraphernalia, but the PSI does not reveal the disposition of those charges. *Id.* The State concedes on appeal that Painter has only one conviction. Appellee's Br. p. 8. In addition, the PSI categorized Painter as a low risk to reoffend. PSI p. 1, 10.

The court sentenced Painter to eleven years in the Department of Correction for each Class B felony dealing in methamphetamine conviction, running consecutively, for a total sentence of twenty-two years. Tr. p. 37; *see also* Ind. Code § 35-50-1-2(d)(2)(B) (requiring

3

consecutive sentences when a second offense is committed while released on bond for the first offense).  Of those twenty-two years, the trial court ordered ten years to be executed in the Department of Correction.  The remaining twelve years were to be served on probation.  Tr. p. 37-38.

Painter now appeals her sentence.

## Discussion and Decision

Painter raises two issues on appeal.  First, she contends that the trial court abused its discretion by considering charges that did not result in convictions as an aggravator and by not considering her lack of criminal history as a mitigator.  Second, she contends that her twenty-two-year sentence is inappropriate in light of the nature of the offenses and her character.

## I.  Abuse of Discretion

Painter contends that the trial court abused its discretion by considering charges that did not result in convictions as an aggravator.  Sentencing decisions are within the sound discretion of the trial court and are reviewed on appeal only for abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  As long as the sentence is within the statutory range, it is reviewable only for abuse of discretion. *Id.*  An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (citing *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

4

A trial court can abuse its sentencing discretion in several ways, including: (1) failure to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. If the trial court abuses its discretion in one of these or any other way, remand for resentencing may be the appropriate remedy "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

Although there may be several aggravating factors, "[o]nly one valid aggravator is needed to sustain an enhanced sentence." *Id.* (citing *Jones v. State*, 600 N.E.2d 544, 548 (Ind. 1992)). If one aggravating factor is improperly applied, the sentence is still valid as long as "other valid aggravators exist[ed] and the invalid aggravator did not play a significant role in the trial court's decision." *Hart v. State*, 829 N.E.2d 541, 543-44 (Ind. Ct. App. 2005). Moreover, "the court may rely on the same reasons to impose an enhanced sentence and also impose consecutive sentences." *Moore v. State*, 907 N.E.2d 179, 181 (Ind. Ct. App. 2009).

Initially, we note that the advisory sentence for each count was ten years. In addition, the trial court was required to run the sentences consecutively under Indiana Code section 35-50-1-2(d)(2)(B), which requires the trial court to impose a consecutive sentence for two crimes if another crime is committed while the accused is released on bond for the

5

first crime. The trial court imposed a sentence that was only two years more than the aggregate advisory sentence of twenty years and within the aggregate statutory guideline range of forty years. *See* Ind. Code § 35-50-2-5.

Painter argues that the trial court erred in considering her criminal record as an aggravator. The State concedes that the trial court improperly considered Painter's charges for driving under the influence and possession of drug paraphernalia as convictions. However, it is well-established that only one valid aggravator is required for a trial court to enhance a presumptive sentence. *Anglemyer*, 868 N.E.2d at 491. Here, the trial court validly concluded that the fact that Painter committed a second dealing-in-methamphetamine offense while awaiting trial for the first offense was an aggravator, giving the trial court an independent basis to enhance her sentence beyond the presumptive sentence. Tr. p. 36. Thus, the error committed by the trial court was harmless.

Painter also argues that trial court should have considered her criminal history to be a mitigator. Under Indiana Code section 35-38-1-7.1(b)(1), a court may consider as a mitigating circumstance the fact that "[t]he person has no history of delinquency or criminal activity, or the person has led a law-abiding life for a substantial period before commission of the crime." The trial court may consider a defendant's criminal history. While Painter led a law-abiding life for a substantial period of time before the instant offense, she was arrested for a second dealing-in-methamphetamine offense while released on bond for the first. The trial court did not abuse its discretion in not considering her lack of criminal history as a mitigating circumstance.

Because the trial court concluded that Painter's one mitigating factor was entitled to such little weight and found one appropriate aggravator, namely that the second offense was committed while Painter was released on bond for the first offense, we can say with confidence that the trial court would have imposed the same sentence had it not considered Painter's 1997 charges as convictions. Thus, the trial court's error was harmless.

## II. Appropriateness

Painter also contends that her twenty-two-year sentence is inappropriate in light of the nature of the offenses and her character.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). When determining whether a sentence is inappropriate, we recognize that the presumptive sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Weiss v. State*, 848 N.E.2d 1070, 1072 (Ind. 2006). When assessing the nature of the offense and the character of the offender, we may look to any factors appearing in the record. *Stetler v. State*, 972 N.E.2d 404, 408 (Ind. Ct. App. 2012), *trans. denied*. The defendant has the burden of persuading us that his sentence is inappropriate. *Reid*, 876 N.E.2d at 1116 (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

7

The principal role of Rule 7(B) review "should be to attempt to leave the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or is otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). These tools include probation, home detention, placement in a community corrections program, executed time in a Department of Correction facility, concurrent rather than consecutive sentences, and restitution/fines. *Id.*

Here, for each Class B felony conviction, the trial court sentenced Painter to eleven years—just one year above the advisory sentence—and ordered the sentences to be served consecutively, as required by statute, for a total sentence of twenty-two years. This is within the statutory range. Of those twenty-two years, only ten will be executed in the Department of Correction.

The nature of the offenses is unremarkable. According to the limited factual basis, Painter knowingly or intentionally aided, induced, or caused another to manufacture methamphetamine. According to her brief, one of the dealings was a controlled buy to a

police officer. Appellant's Br. p. 11. However, Painter committed a second dealing-in-methamphetamine offense while released on bond for the first dealing-in-methamphetamine offense. This suggests that she was not deterred after being charged for the first offense.

As to Painter's character, she has only one misdemeanor conviction for an open-container violation approximately twelve years ago. Painter has also been arrested for driving under the influence, simple possession of marijuana, possession of drug paraphernalia, and an open-container violation. However, Painter does not seem to have remorse for her actions. In her statement to the court at sentencing, Painter maintained her innocence after pleading guilty, claiming that she was induced into pleading guilty because the State threatened to elevate her felony charge to a Class A felony and revoke her fiancé's plea agreement. Tr. p. 25. She also claimed that she was exposed to "Mersa, Hepatitis B and C, Staph, HIV and AIDS," while incarcerated. *Id.* at 26. Nowhere in the record did she apologize or take responsibility for her actions. According to the trial court, Painter needed a sentence "to help [her] understand that what [she] did, not what other people did to you, but what [she] did when [she] participated in creating and distributing methamphetamine . . . ." *Id.* at 35.

Given the nature of these offenses and Painter's character, Painter has failed to persuade us that her aggregate twenty-two-year sentence, of which only ten years will be served in the Department of Correction, is inappropriate. We therefore affirm the trial court.

9

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.