## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 23 2015, 9:34 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Leeman
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerremy Buren Cofield,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | December 23, 2015<br><br>Court of Appeals Case No.<br>09A02-1505-CR-432<br><br>Appeal from the Cass Circuit Court<br><br>The Honorable Leo T. Burns, Judge<br><br>Trial Court Cause No.<br>09C01-1406-FC-27 |

**Brown, Judge.**

[1] Jerremy Buren Cofield appeals his sentence for two counts of child molesting as class C felonies. Cofield raises two issues which we revise and restate as whether the trial court abused its discretion in ordering that he serve his sentences for two counts of child molesting as class C felonies consecutive to each other.[1] We affirm.

## Facts and Procedural History

[2] Between January 1, 2013 and December 31, 2013, Cofield touched L.H.'s penis and W.R.'s penis. L.H. was born in October 2007, and W.R. was born in December 2001. On June 25, 2014, the State charged Cofield with: Count I, child molesting as a class C felony for fondling W.R.'s penis; and Count II, child molesting as a class C felony for fondling L.H.'s penis. The State and Cofield entered into a plea agreement pursuant to which Cofield agreed to plead guilty to both counts as charged and the parties agreed as to sentencing: "The Court will impose the following sentence: Cap of twelve years on total sentence. Court to determine all terms including consecutivity." Appellant's Appendix at 33. On March 19, 2015, the court held a guilty plea hearing at which Cofield admitted to touching L.H.'s penis and W.R.'s penis and that he did so to satisfy his sexual desires.

---

[1] Cofield also argues that the record establishes that his plea agreement was based on an understanding that he would have a right to appeal his sentence. We need not address this argument as we address the merits of Cofield's argument on appeal that the court abused its discretion in sentencing him.

On April 16, 2015, the court held a sentencing hearing. The court heard testimony from L.H.'s grandmother, who testified as to the impact Cofield's actions had on L.H., that his grades had dropped, that he is angry, paranoid, and cries a lot, that he fears people will leave him, and that he had started with counseling. The court also heard testimony from W.R.'s mother, who testified as to the impact of Cofield's actions on W.R., that W.R. was going through therapy, that she and her husband considered Cofield a close friend, and that they helped his mother when needed. The prosecutor argued that the court should order that Cofield's sentences be served consecutively and that the aggravators outweighed the mitigators. After discussing aggravating and mitigating factors, the trial court stated in part:

> The other issue before the Court is whether this is a pattern of conduct close in time or whether these are separate events that subject themselves to sentencing consecutively. . . . The Court found that there was a factual adequate basis but . . . the frankness of your admission, uh, was not typically, what a Court expects when it's looking for an admission to a crime. I found the factual basis but it was difficult. There was some hesitancy on your part to really, uh admit exactly when this occurred and how it occurred and that makes creates a situation for the Court, uh, which makes the determination of a consecutive sentence, two (2) separate and distinct acts as opposed to same day close in time, more difficult. Uh, I have resolved that issue as well with a recollection with what was said during the fact-finding hearing and I now determine that the event with, uh, and I am not sure which happened first, but the event probably with the eleven (11) year old happened first and with knowledge that you got away with that, uh, a second victim was targeted, uh, and the crime committed against the second victim, the younger child. Aggravating, uh, or consecutive sentences are, uh appropriate in

this case and an aggravated sentence is appropriate in this case. The aggravators that I refer to are, uh, have been stated, which could in some cases, justify the maximum sentence of eight (8) years, however because of the, uh, mitigating circumstances, the aggregators [sic] do outweigh those mitigating circumstances of pleading guilty and not having an minimal criminal record, but, uh, there was a reason for the plea agreement that caps the sentence at twelve (12) years, uh, six (6) years on each is an aggravated sentence and each specific case I find that the aggravating factors outweigh the mitigating factors, you shall serve six (6) years in the Indiana Department of Correction on count one (1) and six (6) years in the Indiana Department Of Correction on count two (2). Those sentences shall be served consecutively, uh, you are remanded to the custody of the Cass County Sheriff for transfer to the Indiana Department of Correction.

Transcript at 51-52.

[4] On April 20, 2015, the court entered a written sentencing order which provided that the mitigating factors included that Cofield entered a voluntary plea agreement, thus sparing the young victims from potential trauma associated with having to testify at trial, and that he did not have a criminal record. The order also found the following aggravating factors:

a. The harm or damage suffered by the victim of each offense was significant and greater than the elements necessary to prove the commission of the offense. . . .

b. The victim of each offense was less than twelve (12) years of age (Count 1, age 11; Count 2, age 5) at the time the crime was committed . . . .

c. The person was in a position having care, custody or control of the victim of each offense. . . .

Appellant's Appendix at 45. The court found that the aggravating factors outweighed the mitigating factors and that "[t]he commission of each crime in this case is separate and distinct from the other and the sentence in each case shall be served consecutively." *Id.* The court sentenced Cofield to six years for each of his convictions for child molesting as a class C felony and ordered that the sentences be served consecutive to each other for an aggregate sentence of twelve years.

### Discussion

The issue is whether the trial court abused its discretion in ordering that Cofield serve his sentences for two counts of child molesting as class C felonies consecutive to each other. Cofield argues that the court identified aggravating factors for enhancing the sentences on the counts but did not identify separate or additional aggravators in support of its decision to impose consecutive sentences. He asserts the complexity of the case and severity of the crimes made it particularly important that the court identify a specific aggravator in support of consecutive sentences. The State maintains that the court did not abuse its discretion in imposing consecutive sentences because Cofield molested two children and that injury to multiple victims is a valid aggravating factor that supports consecutive sentences, and that the rationale for consecutive sentences is apparent on the face of the record.

We review a trial court's sentencing determination for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against

the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.* at 491. We may review both the written and oral sentencing statements in order to identify the findings of the trial court. *Harris v. State*, 964 N.E.2d 920, 926 (Ind. Ct. App. 2012) (citing *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007)), *trans. denied*.

[7] The decision to impose consecutive sentences lies within the discretion of the trial court. *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014), *trans. denied*. In order to impose consecutive sentences, the trial court must find at least one aggravating circumstance. *Id.* at 870. There is no basis for holding that a trial court is restricted to a one-step balancing process when sentencing a defendant for multiple crimes, and it is permissible for a trial court to consider aggravators and mitigators in determining the sentence for each underlying offense and then to independently consider aggravators and mitigators in determining whether to impose concurrent or consecutive sentences. *Id.* Appellate review "should

focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count" and that "[w]hether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences if for no other reason than to preserve potential deterrence of subsequent offenses." *Id.* (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)).

[8] The imposition of consecutive sentences is a separate and discrete decision from sentence enhancement, although both may be dependent upon the same aggravating circumstances. *Mathews v. State*, 849 N.E.2d 578, 589 (Ind. 2006) (citing *Ajabu v. State*, 722 N.E.2d 339, 343 (Ind. 2000)); *see also Moore v. State*, 907 N.E.2d 179, 181 (Ind. Ct. App. 2009) (noting the trial court "may rely on the same reasons to impose an enhanced sentence and also impose consecutive sentences"), *reh'g denied*, *trans. denied*. As with sentence enhancement, even a single aggravating circumstance may support the imposition of consecutive sentences. *Mathews*, 849 N.E.2d at 589 (citing *Sanquenetti v. State*, 727 N.E.2d 437, 442 (Ind. 2000)).

[9] The court found, as set forth above, that certain aggravating and mitigating factors existed and that the aggravating factors outweighed the mitigating factors. Cofield pled guilty to molesting two children, and at the sentencing hearing the court stated with respect to its decision to impose consecutive sentences that it had determined that "the event probably with the eleven (11) year old happened first and with knowledge that you got away with that, uh, a second victim was targeted, uh, and the crime committed against the second

victim, the younger child." Transcript at 51-52. Additionally, recognizing Cofield pled guilty to molesting two victims, the court found in part in its sentencing order with regards to aggravating factors that "[t]he harm or damage suffered *by the victim of each offense* was significant," that "[t]*he victim of each offense* was less than twelve (12) years of age (Count 1, age 11; Count 2, age 5) at the time the crime was committed," and that Cofield "was in a position having care, custody or control *of the victim of each offense*." Appellant's Appendix at 45 (emphases added). Cofield does not challenge the validity of or the evidence supporting the aggravating factors found by the court.

[10] Based on the record, we cannot say that the trial court abused its discretion in ordering that Cofield serve his two six-year sentences for child molesting as class C felonies consecutive to each other for an aggregate sentence of twelve years.

## *Conclusion*

[11] For the foregoing reasons, we affirm Cofield's aggregate sentence of twelve years for two counts of child molesting as class C felonies.

[12] Affirmed.

Kirsch, J., and Mathias, J., concur.