Kevin BRISCOE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0206–CR–498.

Court of Appeals of Indiana.

Feb. 25, 2003.

Taffanee Woods–O'Neal, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Pursuant to a guilty plea, Kevin Briscoe was convicted of possession of cocaine,[1] a Class D felony. He now appeals his sentence, raising several issues, two of which we find dispositive:

I.  Whether the trial court erred in imposing a fine on Briscoe as part of his sentence when the written plea agreement did not provide for a fine.

II. Whether the trial court erred in failing to conduct a hearing to determine whether Briscoe was indigent when Briscoe's sentence included the assessment of a drug interdiction fee.

We vacate the imposition of the $2000 fine and remand with instructions to hold an indigency hearing.

## FACTS AND PROCEDURAL HISTORY

On April 29, 2002, Briscoe pled guilty to possession of cocaine pursuant to a written plea agreement. The plea agreement was a pre-printed form with boxes to check for the provisions that applied. It stated that in exchange for Briscoe's guilty plea, the State would seek a 180–day sentence with the placement to be determined by the trial court, a $200 drug interdiction fee, and a driver's license suspension of six months. The box in front of "Fines and costs to discretion of Court" was not checked. *Appellant's Appendix* at 20. The written plea agreement was signed by the prosecutor, defense counsel, and Briscoe.

The trial court sentenced Briscoe to 180 days on home detention, assessed a $200 drug interdiction fee, suspended his driver's license for six months, and imposed a $2000 fine, $1999 of which the trial court stated it would waive if Briscoe established the paternity of his girlfriend's one-year-old child. Briscoe now appeals.

## DISCUSSION AND DECISION

Briscoe argues that the trial court erred in imposing the $2000 fine as part of his sentence because the plea agreement did not contain this term. He contends that once the trial court accepted the plea agreement, it was bound by its terms and unable to add obligations.

Plea agreements are contractual in nature, binding the defendant, the State, and the trial court. *Pannarale v. State,* 638 N.E.2d 1247, 1248 (Ind.1994). The trial court may, at its discretion, reject the plea agreement and try the case or consider any new plea agreement the parties negotiate. *Id.* However, once it has accepted a plea agreement recommending a specific sentence, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing.

---

1. *See* IC 35–48–4–6.

*Id.; State ex rel. Goldsmith v. Marion County Superior Court, Criminal Div. No. 1,* 275 Ind. 545, 552, 419 N.E.2d 109, 114 (1981); *Munger v. State,* 420 N.E.2d 1380, 1382 (Ind.Ct.App.1981).

In *Gipperich v. State,* 658 N.E.2d 946, 949–50 (Ind.Ct.App.1995), *trans. denied* (1996), the defendant argued that the trial court erred where it accepted the parties' plea agreement, then ordered the defendant to pay $10,000 in fines for each of the four felonies to which he pled guilty in addition to the counseling fees and costs which were specified in the agreement. We agreed and held that the court improperly varied the terms of the accepted plea agreement by imposing fines for which no provision existed in the agreement. Accordingly, we reversed the portion of the sentencing order requiring the payment of fines. *Id.*

Similarly, here, the plea agreement did not provide for the imposition of fines. In fact, the pre-printed form contained a box to check if the imposition of fines was to be left to the discretion of the trial court, and that box was not marked. We must therefore conclude that imposition of fines by the trial court was not contemplated by the parties in reaching their agreement, and the trial court erred in varying the terms of the sentence as set out in the plea agreement. Accordingly, we reverse the portion of the sentence imposing the $2000 fine.[2]

In doing so, we note that the trial court advised Briscoe orally prior to accepting his plea that it would have discretion to impose fines and costs. Moreover, the advisement of rights form signed by Briscoe also stated this. However, as we have explained, the trial court did not have the authority to alter the terms of the written plea agreement: it had the option of accepting or rejecting the agreement only. Further, the advisement of rights form was not part of the parties' plea agreement.

■ Briscoe also contends that the trial court erred in not including in its sentencing order the statement that Briscoe could not be imprisoned for failing to pay the costs and fines assessed. In *Whedon v. State,* 765 N.E.2d 1276, 1279–80 (Ind.2002), our supreme court reversed earlier precedent that required trial courts' sentencing orders to recite an express prohibition upon imprisonment for failure to pay fines or costs. Thus, no express statement was necessary.

■ However, Briscoe also notes that the trial court failed to conduct a hearing to determine whether he was indigent. By statute, a trial court has an affirmative duty to conduct an indigency hearing if it imposes fines or costs as part of a defendant's sentence. IC 35–38–1–18(a); IC 33–19–2–3(a) ("When the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent."); *A.E.B. v. State,* 756 N.E.2d 536, 544 (Ind.Ct.App.2001). When fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs. *Whedon,* 765 N.E.2d at 1279.

■ While a trial court's appointment of defense and appellate counsel for a defendant implies a finding of indigency, the appointment of counsel is not conclusive as to the defendant's inability to pay costs. *A.E.B.,* 756 N.E.2d at 544. Where a trial court fails to conduct an indigency hearing when required, the proper remedy is to

---

**2.** We note that the plea agreement did provide for the State to recommend the assessment of the drug interdiction fee.

remand with instructions to hold such a hearing. *See id.*

Here, the appointment of trial counsel and appellate counsel imply that the trial court knew of Briscoe's indigency. In addition, the presentence investigation report provided the trial court with some information regarding Briscoe's financial position. However, these facts are not conclusive as to Briscoe's ability to pay fees, and the trial court erred when it failed to conduct a hearing on this issue. We therefore remand with instructions to hold a hearing on Briscoe's indigency because his sentence included the imposition of a fee.

The State directs us to *Whedon* in which our supreme court remarked that "a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration, thus allowing consideration of whether the defendant may have accumulated assets through inheritance or otherwise." 765 N.E.2d at 1279. While this may be interpreted to suggest that hearings subsequent to sentencing should be held to determine a defendant's indigency, *Whedon* did not suggest a procedure for doing so. We need not reach that issue here, because IC 35–38–1–18(a) and IC 33–19–2–3(a) clearly mandate a hearing at the time of sentencing, which was not done in this case. We therefore save the issue of subsequent indigency hearings for another day.

Vacated in part and remanded.

SULLIVAN, J., and SHARPNACK, J., concur.