Michael ASHBY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0809–CR–471.

Court of Appeals of Indiana.

April 17, 2009.

Peter D. Todd, Elkhart, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Janine Steck Huffman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

In September 1999, Michael Ashby pleaded guilty to two counts of Class B robbery while armed with a deadly weapon [1] under cause number 20D01–9904–CF–90 and to one count of the same offense under cause number 20D01–9903–CF–60. In this belated appeal, Ashby raises two issues, which we consolidate and restate as: whether the trial court erred when it sentenced Ashby to three consecutive twenty-year sentences following his 1999 open guilty plea.

We vacate and remand for resentencing.

---

1. *See* Ind.Code § 35–42–5–1.

## FACTS AND PROCEDURAL HISTORY

In March and April of 1999, the State charged Ashby with three counts of robbery while armed with a deadly weapon stemming from robberies that had occurred during those months at an Elkhart Shell gas station, the Calabria Restaurant, and the Lake City Bank.[2]

In September 1999, Ashby appeared with his counsel for a guilty plea hearing on all three charges. At the hearing, Ashby pleaded guilty to all three counts as charged. He did not enter into any plea agreement or bargain; rather, it was an open plea. At the sentencing hearing, Ashby expressed his remorse for the criminal acts, and, while he did not seek a reduced sentence, he and his counsel urged the trial court to enter concurrent sentences for the three convictions. Although the trial court stated that it "appreciate[d]" his remorse and the fact that Ashby was pleading without the benefit of a guilty plea agreement, *Tr.* at 15, the trial court did not formally acknowledge his guilty plea as a mitigating factor or otherwise give it any mitigating weight. The court identified several aggravators and ultimately sentenced Ashby to three twenty-year consecutive sentences. However, the trial court indicated that it would be willing to modify or reduce Ashby's sentence in the future. Specifically, the trial court told Ashby that after he served the six-year non-suspendable portion of his sentence,[3] he should write a letter to the trial court informing the court of what he had accomplished while incarcerated with regard to education and drug rehabilitation. The judge stated, "If you earn modification, I will grant it." *Id.* at 17.

Ashby filed a petition for permission to file a belated notice of appeal, which the trial court granted in August 2008.[4] Ashby now appeals his three consecutive twenty-year sentences.

## DISCUSSION AND DECISION

■ The trial court sentenced Ashby to three consecutive twenty-year sentences following his guilty plea to three charges of robbery while armed with a deadly weapon, which were Class B felonies. Ashby contends that this was error because the trial court failed to properly balance the aggravating and mitigating cir-

---

**2.** Shortly after the April charges were filed, Ashby admitted to the restaurant and gas station robberies.

**3.** *See* Ind.Code § 35–50–2–2(b)(4)(I) (if felony was robbery with a deadly weapon, court may suspend only that part of sentence in excess of minimum sentence).

**4.** According to the Indiana Supreme Court, a challenge to a sentence imposed in an open plea, such as Ashby's, must be raised by direct appeal or, if the time for an appeal has expired, by a belated direct appeal pursuant to Ind. Post–Conviction Rule 2. *Collins v. State,* 817 N.E.2d 230, 233 (Ind.2004). Post–Conviction Rule 2 permits a defendant to file a petition for permission to file a belated appeal where the failure to file a timely notice was not the defendant's fault and where the defendant was diligent in requesting permission to

file a belated notice of appeal. If the trial court finds that the statutory grounds exist, it "shall" permit the defendant to file the belated notice of appeal, but such a finding is discretionary. Post–Conviction Rule 2; *Townsend v. State,* 843 N.E.2d 972, 974 (Ind. Ct.App.2006), *trans. denied.* This court has determined that when the trial court at a guilty plea hearing does not advise a defendant that he has the right to appeal the sentence to be imposed, Post–Conviction Rule 2(1) will generally be available to the defendant. *Jackson v. State,* 853 N.E.2d 138, 140 (Ind.Ct.App.2006). According to the record before us, the trial court advised Ashby that by pleading guilty he was giving up his right to appeal his conviction, *Tr.* at 2, but never advised Ashby of his right to appeal his sentence.

cumstances.[5]

Ashby was sentenced in 1999. At that time, the "presumptive" sentence for robbery while armed with a deadly weapon was ten years, which could be reduced to six years or increased to twenty years. Ind.Code § 35–50–2–5 (1993). If the trial court deviated from the presumptive sentence or imposed consecutive sentences where not required by statute, it was required to clearly state its rationale for doing so. *Harris v. State,* 749 N.E.2d 57, 60 (Ind.Ct.App.2001), *trans. denied* (citing *Archer v. State,* 689 N.E.2d 678, 683 (Ind. 1997)). The trial court's statement of reasons was required to identify all the significant aggravating and mitigating factors, state the specific facts and reasons which lead the court to find each such circumstance, and demonstrate that the aggravators and mitigators had been considered and balanced. *Id.*

While a sentencing court was required to consider all evidence of mitigating circumstances presented by a defendant, the finding of mitigating circumstances rested within the sound discretion of the court. *Newsome v. State,* 797 N.E.2d 293, 301 (Ind.Ct.App.2003). *trans. denied* (2004). A sentencing court was not obligated to agree with the defendant as to the weight or value to be given to proffered mitigating facts. Indeed, a sentencing court was under no obligation to find mitigating factors at all. *Id.* That said, however, the failure of a trial court to find mitigating circumstances clearly supported by the record might suggest they were overlooked and hence not properly considered. *Jones v. State,* 698 N.E.2d 289, 291 (Ind.1998).

Here, Ashby claims that the trial court abused its discretion when it sentenced him to three twenty-year sentences, the maximum, and ordered them to be served consecutively. In particular, Ashby asserts that the trial court erred by failing to consider several mitigating circumstances, such as his remorse, his limited education, and his "relatively young age" of twenty-five years. *Appellant's Br.* at 4.

Ashby pleaded guilty to the three charges of robbery while armed with a deadly weapon, as Class B felonies. He received nothing in exchange from the State for pleading guilty. At the sentencing hearing, Ashby's counsel argued for concurrent sentences, urging that these crimes occurred in a one-month period when Ashby had "reached rock bottom" with his drug use. *Tr.* at 10. The State maintained that the robberies were a very serious matter, each occurring at locations where people were present—at a gas station, restaurant, and a bank—and could have been shot, all because Ashby was attempting to get money to support his drug habit. The prosecutor stated that his policy of not offering plea bargains in such contexts was aimed to put a stop to that kind of behavior in Elkhart. The State argued that consecutive sentences were warranted in Ashby's case and that "sixty years would not be inappropriate." *Id.* at 14.

Before imposing the sentence, the trial court asked Ashby what he planned to do at the Department of Correction to improve himself. Ashby responded by advising the court that he intended to pursue his GED, obtain vocational training, drug counseling, and rehabilitation. The trial court then stated to Ashby, "I do appreci-

---

**5.** Ashby also raises an Ind. Appellate Rule 7(B) claim that the sentence is "inappropriate given [his] nature and character." *Appellant's Br.* at 1. However, because we find the issue of the mitigating and aggravating circumstances to be dispositive, we do not reach this issue.

ate that you entered a plea to the offenses on a discretionary sentence without a plea bargain.... I think that goes a long way in—in showing me that you're remorseful." *Id.* at 15. However, the court continued by expressing its concern about the impact on the victims, who were put in fear for their lives during the robberies and continued to suffer trauma from the event.

The court then sentenced Ashby, and for each of the three robbery charges, the court identified various aggravating circumstances, including Ashby's prior criminal history, the fact that the robberies were motivated by drugs, and the fact that he was out on bond when he committed the April offenses. Also aggravating was the fact that Ashby discharged the firearm during the restaurant robbery. The court stated that no mitigating circumstances existed for any of the offenses. After imposing the three twenty-year sentences, the court told Ashby:

> At the time you complete your non-suspended portion, which is the six-year portion of the sentence, you need to write me a letter and let me know that that date has approached. I will consider a progress report at that time, and I will do one of two things: I'll either modify each of these individual sentences and keep them consecutive or I will modify them and make them all concurrent[.] ... Or the third choice is that if you get down to the Department of Corrections [sic] and you don't take advantage [of educational opportunities, drug assessment and treatment or trade education opportunities] then you'll just serve [the three] twenty consecutive [terms].

*Id.* at 17. The court explained that it was placing the burden on Ashby to "earn"

modification. *Id.* "[I]f you earn modification, I will certainly grant it." *Id.* Thereafter, the court again acknowledged Ashby's remorse. ("I do think that you're remorseful. And I think based upon that remorse, and I think based upon your current sobriety, you'll make some really positive progress." *Id.;* "I don't think there is any question that you're remorseful for your conduct." *Id.* at 18). While we understand that which the trial court sought to accomplish, and we recognize the value in those aims, namely, placing the burden on the defendant to prove himself worthy of a sentence modification or reduction, we are compelled to find that under Indiana law it was an abuse of discretion.

First, the sentencing scheme enacted by the legislature required the trial court to identify and balance aggravators and mitigators as they existed at the time of sentencing and to exercise its discretion to determine the appropriate sentence at that time. Second, the trial court on several occasions expressly recognized Ashby's remorse, yet failed to recognize either the remorse or his open guilty plea as mitigating circumstances. The court's statements relating to the absence of mitigating factors were inconsistent with its prior statements at the same hearing and constitute an abuse of discretion. Third, the trial court's "earn a modification" approach was contingent on too many variables, including whether the same judge would be on the bench at the time Ashby was directed to write his letter to the court. Fourth, and perhaps most significant, is that although a trial court has the power to modify sentences under Indiana Code section 35–38–1–17, that power is severely limited by the requirement of the prosecutor's consent after the passage of one year.[6]

---

**6.** Sentence modification under Indiana Code section 35–38–1–17 and a direct appeal are

two separate avenues for relief. Sentence modification envisions practical circum-

Thus, the trial court could not legally do that which it was advising Ashby it would do (reduce his sentence) if Ashby took advantage of available educational and vocational opportunities while incarcerated. For these reasons, we find that the trial court abused its discretion when sentencing Ashby. We vacate and remand for resentencing with instructions that the trial court take into account Ashby's remorse and his open pleas for which Ashby received nothing in exchange from the State.

Vacated and remanded for resentencing.

BAKER, C.J., and NAJAM, J., concur.

stances which might merit the reduction of a defendant's sentence whereas direct appeal alleges some legal defect in the sentence. Indiana Code section 35–38–1–17(b) states, "If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney." *Manley v. State*, 868 N.E.2d 1175, 1179 (Ind.Ct.App.2007), *trans. denied.* Where 365 days have passed since the sentence was imposed, and the prosecutor has not approved of the requested sentence modification, the trial court lacks authority to modify the original sentence. *State v. Fulkrod*, 753 N.E.2d 630, 633 (Ind.2001).