**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 03 2014, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA S. F. NELSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1304-CR-178 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Charles D. O'Connor, Judge
Cause No. 73C01-1106-FA-11

**February 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Joshua S. F. Nelson ("Nelson") pleaded guilty to dealing in cocaine[1] as a Class A felony, dealing in a narcotic drug[2] as a Class B felony, and resisting law enforcement[3] as a Class A misdemeanor and was sentenced to an aggregate term of twenty years with sixteen years executed and four years suspended to probation. He appeals, raising the following restated issues[4] for our review:

I.      Whether the trial court abused its discretion in failing to find certain mitigating factors; and

II.     Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On June 10, 2011, Nelson and two others sold cocaine and heroin to a confidential informant ("the CI") working with the Shelby County Drug Task Force. Nelson sold 8.61 grams of cocaine and five foil packets of heroin to the CI. When the police attempted to stop the vehicle in which Nelson and the others were traveling, the vehicle refused to stop and drove around the stopped marked police cars. The vehicle then pulled in to a parking lot, and Nelson exited the car. He refused police orders to stop and tried to walk away. He

---

[1] *See* Ind. Code § 35-48-4-1.

[2] *See* Ind. Code § 35-48-4-1.

[3] *See* Ind. Code § 35-44-3-3.

[4] Although Nelson states his issue as whether his sentence is inappropriate, we address his argument as two separate issues to ensure we thoroughly reach his contentions.

2

then attempted to dispose of evidence by throwing the money used by the CI to purchase the drugs under a nearby car.

The State charged Nelson with dealing in cocaine as a Class A felony, dealing in a narcotic drug as a Class B felony, and resisting law enforcement as a Class A misdemeanor. The State later amended the charging information to add obstruction of justice as a Class D felony. On March 13, 2013, Nelson pleaded guilty to Class A felony dealing in cocaine, Class B felony dealing in a narcotic drug, and Class A misdemeanor resisting law enforcement, and upon a motion by the State, the trial court dismissed the obstruction of justice charge. On March 19, 2013, the trial court sentenced Nelson to twenty years with four years suspended to probation for Class A felony dealing in cocaine, eight years with two years suspended for Class B felony dealing in a narcotic drug, and one year for Class A misdemeanor resisting law enforcement. The trial court ordered the sentences to be served concurrently to each other for an aggregate sentence of sixteen years executed. Nelson now appeals. Additional facts will be added as necessary.

## DISCUSSION AND DECISION

### I. Abuse of Discretion

Sentencing decisions are within the discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State,* 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its discretion (1) by failing

to issue a sentencing statement or (2) by issuing a sentencing statement that bases a sentence on reasons that are not clearly supported by the record; omits reasons both advanced for consideration and clearly supported by the record; or includes reasons that are improper as a matter of law. *Id.* at 490-91.

The trial court is not required to find mitigating factors, nor is it obligated to accept as mitigating each of the circumstances proffered by the defendant. *Ashby v. State,* 904 N.E.2d 361, 363 (Ind. Ct. App. 2009). If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer,* 868 N.E.2d at 491. However, under the current statutory scheme, the relative weight or value assignable to reasons properly found, or those that should have been found, is not subject to review for abuse of discretion. *Benefield v. State,* 904 N.E.2d 239, 247 (Ind. Ct. App. 2009), *trans. denied.*

Nelson argues that the trial court abused its discretion when it failed to recognize certain things as mitigating factors. He contends that the trial court erred when it did not find that he took full responsibility for his actions as a mitigating factor. Nelson further asserts that it was error not to find that he would respond affirmatively to probation and that the situation involved circumstances unlikely to reoccur as mitigating factors.

Here, the trial court found there were no aggravating factors and found Nelson's lack of significant adult felony and misdemeanor convictions as a significant mitigating factor. *Appellant's App.* at 20. In pronouncing Nelson's sentence, the trial court discussed Nelson's likelihood to reoffend, noting that the pre-sentence investigation report ("PSI")

4

stated that Nelson was a moderate risk for re-offending and finding that it was too speculative to give further weight to Nelson's claims. *Tr*. at 22. While the trial court did not mention Nelson's other argued mitigators, taking full responsibility for his actions and that he would respond positively to probation, the trial court was not required to find mitigating factors, nor was it obligated to accept as mitigating each of the circumstances proffered by Nelson. *Ashby,* 904 N.E.2d at 363. Further, the burden is on the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Corbett v. State*, 764 N.E.2d 622, 630 (Ind. 2002). Nelson has not presented sufficient evidence to establish that either of these two proffered mitigating factors were significant and clearly supported by the record. We, therefore, conclude that the trial court did not abuse its discretion when it did not find Nelson's argued factors to be mitigating.

## II. Inappropriate Sentence

Nelson argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. "This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Delao v. State*, 940 N.E.2d 849, 853 (Ind. Ct. App. 2011) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be extremely deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. at 1063.

5

The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id*.

Regarding the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). Class A felony dealing in cocaine has an advisory sentence of thirty years and Class B felony dealing in a narcotic drug has an advisory sentence of ten years. Ind. Code § 35-50-2-4; Ind. Code § 35-50-2-5. Class A misdemeanor resisting law enforcement has a maximum sentence of one year and no advisory sentence. Ind. Code § 35-50-3-2.

The evidence showed that Nelson was arrested after selling 8.61 grams of cocaine and five foil packets of heroin to the CI. The amount of cocaine sold was almost three times what was required to elevate dealing in cocaine to a Class A felony. *See* Ind. Code § 35-48-4-1(b)(1) ("The offense is a Class A felony if: the amount of the drug involved weighs three grams or more."). Further, when the police stopped the vehicle driven by the defendants, Nelson exited the car, but refused police orders to stop and, instead, tried to walk away. He then attempted to dispose of evidence by throwing the money used by the CI to purchase the drugs under a nearby car. The trial court sentenced Nelson to less than the advisory for both of his felony convictions and ordered his sentences to be served concurrently to each other. His sentence is not inappropriate as to the nature of the offense.

Regarding the character of the defendant, Nelson did have a minimal criminal history that consisted of a juvenile adjudication for possession of marijuana and no prior adult convictions. However, as an adult, he had been arrested twice for carrying a handgun

without a license, but one of those charges was dismissed and the other was never filed. The PSI evidence also showed that Nelson had dropped out of high school and had not held a job for a year prior to being arrested in the present case. Further, the evidence demonstrated that he was not entirely forthcoming in his answers in the PSI because he denied he was ever on probation or even in trouble as a minor. He also denied that he had used marijuana before he was eighteen years old, even though he had been adjudicated delinquent for possession of marijuana as a minor and participated in a substance abuse program. We conclude that Nelson's aggregate sentence of twenty years with four years suspended for a total executed sentence of sixteen years is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.