**FILED**

Sep 30 2015, 8:56 am

**CLERK**
of the supreme court,
court of appeals and
tax court



ATTORNEY FOR APPELLANT

Matthew J. Elkin
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason A. Henderson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 30, 2015<br><br>Court of Appeals Case No.<br>34A02-1501-CR-33<br><br>Appeal from the Howard Superior Court<br><br>The Honorable William C. Menges, Jr., Judge<br><br>Trial Court Cause No.<br>34D01-1406-FD-440 |

**Mathias, Judge.**

[1] After Jason Henderson ("Henderson") pleaded guilty to Class A misdemeanor invasion of privacy and Class A misdemeanor criminal mischief, the Howard Superior Court ordered him to serve consecutive terms of 365 days executed for each offense. The trial court also imposed a $5,000 fine for each offense. Henderson appeals and raises two issues:

> I. Whether the trial court abused its discretion when it ordered Henderson to serve his sentences consecutive to each other; and

> II. Whether the trial court erred when it ordered him to pay a $5,000 fine for each conviction without first inquiring into his ability to pay.

We affirm in part and remand for proceedings consistent with this opinion.

## Facts and Procedural History

Henderson and his former wife, Stephanie Hahn ("Hahn"), have two children. Hahn has primary custody of the children, and Henderson exercises visitation with them.

In 2013, Henderson was convicted of Class D felony invasion of privacy, and as a result, a No Contact Order was issued preventing Henderson from having contact with Hahn. Hahn also obtained a Protective Order against Henderson. Henderson was only allowed to communicate with Hahn to discuss his visitation with the children.

On June 7, 2014, Henderson was still on probation for the 2013 invasion of privacy conviction. On that date, Hahn dropped off the children at Henderson's house for their scheduled visitation. A few minutes later, Hahn received a text message from their daughter that stated that Henderson was yelling at the children and asked Hahn to return to pick them up. Hahn immediately returned to Henderson's house.

As the children were getting into Hahn's vehicle, Henderson came out of the house. He yelled and cursed at Hahn and approached her car. He then grabbed the top of Hahn's partially opened driver's side window and attempted to force

the window down. Hahn put the vehicle in reverse and began backing out of Henderson's driveway. As she did so, Henderson punched the driver's side front fender, causing a large dent.

[7] When Hahn and the children returned to her home, she noticed the large dent and called the Kokomo Police Department. The police officer photographed the damage to Hahn's vehicle and confirmed that Hahn had a No Contact Order and a Protective Order against Henderson.

[8] Thereafter, Henderson was charged with Class D felony invasion of privacy and Class A misdemeanor criminal mischief. The State later added a third charge: Class A misdemeanor invasion of privacy. On December 11, 2014, Henderson pleaded guilty to Class A misdemeanor criminal mischief and Class A misdemeanor invasion of privacy. The Class D felony charge was dismissed, and sentencing was left to the discretion of trial court.

[9] Prior to imposing sentence, the trial court considered Henderson's criminal history, which consisted of six felonies and five misdemeanors, and the fact that he was on probation for a similar offense committed against Hahn when he committed the offenses in this case. The trial court ordered Henderson to serve consecutive terms of 365 days executed for each misdemeanor offense. The trial court also imposed an aggregate $10,000 fine (or $5,000 for each count) but failed to hold an indigency hearing. Henderson now appeals.

## Consecutive Sentences

[10] Henderson claims that the trial court abused its discretion by ordering him to serve his sentences consecutive to each other because the two convictions "arise

from the same facts and circumstances" and "[t]he aggravators are insufficient for consecutive sentences." Appellant's Br. at 6. The decision to impose consecutive or concurrent sentences lies within the trial court's sound discretion, and, on appeal, we review the trial court's decision only for an abuse of that discretion. *Gellenbeck v. State*, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009).

[11] The trial court must find at least one aggravating circumstance before imposing consecutive sentences. *Owens v. State*, 916 N.E.2d 913, 917 (Ind. Ct. App. 2009). Here, the trial court considered Henderson's significant criminal history, which includes the commission of a prior, similar offense against Hahn.

[12] Specifically, in February 2013, Henderson committed stalking and invasion of privacy against Hahn. He ultimately pleaded guilty to Class D felony invasion of privacy, and the No Contact order was issued. He was on probation for that offense when he committed the offenses in this case.

[13] Also, in 2012, Henderson pleaded guilty to Class D felony intimidation. In August 2011, Henderson committed Class D felony invasion of privacy for violating a protective order. It appears that Hahn was also the victim of these offenses.[1]

[14] In that same year, Henderson pleaded guilty to Class A misdemeanor invasion of privacy. Henderson was sentenced to consecutive executed terms for two counts of Class A misdemeanor invasion of privacy in 2009. Henderson was

---

[1] In the pre-sentence investigation report, the probation officer stated that "the defendant's ex-wife has been the victim in almost every case[.]" Appellant's App. p. 62.

convicted of Class C felony stalking in 2000, Class D felony battery in 2007, a Class D felony resisting law enforcement in 2011, Class A misdemeanor battery in 2008, and a Class A misdemeanor driving while suspended in 2008. Henderson also has several probation violations.

[15] The trial court properly considered Henderson's criminal history as an aggravating circumstance. Moreover, Henderson's inability to lead a law-abiding life and continued victimization of Hahn more than supports the trial court's decision to impose consecutive sentences in this case.

[16] Without citation to authority, Henderson also argues that the trial court abused its discretion by imposing consecutive terms because "these events occur simultaneous and are not part of separate events. They are one and the same conduct." Appellant's Br. at 9. Contrary to Henderson's claim, no statutory, constitutional, or common law contains a restriction on imposing consecutive sentences for misdemeanor offenses. *Dunn v. State*, 900 N.E.2d 1291, 1292 (Ind Ct. App. 2009); *Cf.* Ind. Code § 35-50-1-2(c).

## The $10,000 Fine

[17] Next, Henderson argues that the trial court erred when it ordered him to pay a $5,000 fine for each conviction without determining his ability to pay. Henderson maintains that he is indigent and observes that a public defender was assigned to represent him.

[18] Sentencing decisions, which include the imposition of fees, costs, and fines, are generally left to the trial court's discretion. *Bex v. State*, 952 N.E.2d 347, 354 (Ind. Ct. App. 2011), *trans. denied*. Also, "[a] person who commits a Class A

misdemeanor . . . may be fined not more than five thousand dollars ($5,000)." Ind. Code § 35-50-3-2.

[19]   Indiana Code section 35-38-1-18 provides that whenever it imposes a fine, the trial court "*shall* conduct a hearing to determine whether the convicted person is indigent." (Emphasis added). Importantly, trial courts have the authority to assess fines against an indigent defendant; however, the indigent defendant may not be imprisoned for failure to pay those fines or costs. *See Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002).

[20]   Our supreme court has astutely observed that "a defendant's financial resources are more appropriately determined not at the time of the initial sentencing but at the conclusion of incarceration."[2] *See id*. at 1279. Nevertheless, Indiana Code section 35-38-1-18 requires the trial court to hold a hearing when it imposes a fine.

[21]   We also observe conflicting evidence in the record concerning Henderson's financial status. The trial court appointed counsel to Henderson for the trial and appellate proceedings in this case. However, "a trial court's appointment of defense and appellate counsel . . . implies a finding of indigency, [but] the appointment of counsel is not conclusive as to the defendant's inability to pay" fines. *See Briscoe v. State*, 783 N.E.2d 790, 792 (Ind. Ct. App. 2003). Although

---

[2] In *Whedon*, the trial court did not hold a hearing before imposing $125 in court costs. *See id.* at 1278; (citing former Indiana Code section 33-19-2-3(a) which required an indigency hearing when imposing court costs; *see now* Ind. Code § 33-37-2-3(a). However, the issue in *Whedon* was whether the trial court erred when it failed to include in its sentencing order an express statement prohibiting incarceration for failure to pay the court costs. While an indigency hearing was not held in that case, the trial court made a finding that Whedon was indigent. *Id.* at 1278.

appointed counsel implies indigency in this case, during preparation of the pre-sentence investigation report, Henderson reported that his "financial situation is good." Appellant's App. p. 61. He also stated that his annual income is $35,000 to $45,000. *Id.*

[22] For all of these reasons, we remand this case to the trial court to hold a hearing as required by Indiana Code section 35-38-1-18. *See Briscoe*, 783 N.E.2d at 792-93 (stating that "[w]here a trial court fails to conduct an indigency hearing when required, the proper remedy is to remand with instructions to hold such a hearing"). We also re-emphasize that the trial court may in its discretion fine Henderson whether or not he is found to be indigent.

## Conclusion

[23] The trial court did not abuse its discretion when it ordered Henderson to serve consecutive terms of 365 days for his misdemeanor convictions. However, before imposing a $5,000 fine for each conviction, the trial court should have held an indigency hearing as required by Indiana Code section 35-38-1-18. We therefore remand this case to the trial court for proceedings consistent with this opinion.

[24] Affirmed in part and remanded for proceedings consistent with this opinion.

Baker, J., and Bailey, J., concur.