# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2016, 6:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jake Warrum
Warrum Law Office
Mt. Vernon, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carl Strobel, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 21, 2016 <br><br> Court of Appeals Case No. <br> 65A04-1603-CR-582 <br><br> Appeal from the <br> Posey Circuit Court <br><br> The Honorable <br> James M. Redwine, Judge <br><br> Trial Court Cause No. <br> 65C01-1511-F4-458 |

**Kirsch, Judge.**

Following a bench trial, Carl Strobel ("Strobel") was convicted of Level 6 felony residential entry[1] and Class A misdemeanor attempted theft.[2] He appeals his sentence, asserting that the trial court abused its discretion when it sentenced him.

We affirm.

## Facts and Procedural History[3]

On the evening of November 2, 2015, George and Deborah Morgan and their son, Ben, (collectively, "the Morgans") were at their home in Posey County, Indiana. George heard unknown voices in the laundry room of the home, and he held the laundry room door shut as the intruders tried to open it. He told the people to leave, but they did not. Deborah and Ben retrieved firearms kept in the home, and then the Morgans, armed with one or more weapons, opened the laundry room door, at which time Strobel, a woman later determined to be Amy Neighbors ("Neighbors") and a dog entered the Morgans' kitchen. None of the Morgans knew Strobel or Neighbors. Ben, while holding a gun to Strobel

---

[1] *See* Ind. Code § 35-43-2-1.5.

[2] *See* Ind. Code §§ 35-43-4-2(a), 35-41-5-1.

[3] Strobel does not include a Statement of Facts section in his Appellant's Brief as required by Indiana Appellate Rule 45(A)(6). Pursuant to Indiana Appellate Rule 9(F)(5), Strobel was to request and provide this court with "all portions of the Transcript necessary to present fairly and decide issues on appeal," and, as this appeal presents sentencing issues, Strobel elected to provide this court with the Transcript of the sentencing hearing only, and not that from the bench trial. Given the sparse record, the State, for its Statement of Facts section, draws facts from the presentence investigation report, which incorporated the probable cause affidavit and appears in Appellant's Appendix. *Appellee's Br.* at 6 n.1; *Appellant's App.* at 99-100. We do the same.

and Neighbors, escorted them out of the house and to their vehicle, which was a pick-up truck parked approximately fifty yards from the house and next to the Morgans' detached garage. Strobel, Neighbors, and the dog got in the vehicle and drove away.

[4] Meanwhile, Posey County Sheriff's Department deputies had been dispatched to investigate what was reported as a burglary in progress at the Morgans' home. While on the way to the residence, the deputies were informed that the intruders had left the property in a white Chevrolet pick-up truck and were heading south. The deputies encountered and stopped the vehicle, which was carrying Strobel, Neighbors, and the dog. Ben came to the scene and identified them as the persons and dog that had been in his family's home. Deputies went to the Morgan's home and spoke with George and Deborah, who related the occurrence. Deputies also viewed the detached garage and determined that someone had been in it, as well as Deborah's vehicle, because its center console was open and its contents appeared to have been rummaged through.

[5] On November 4, 2015, the State of Indiana charged Strobel with: (1) Count 1, burglary, a Level 4 felony; (2) Count 2, residential entry, a Level 6 felony; and (3) Count 3, attempted theft, a Class A misdemeanor. Strobel waived his right to a jury trial. According to Strobel, he conceded at the bench trial that the residential entry occurred. *See Appellant's Br.* at 11.

[6] The trial court found Strobel not guilty of burglary, but found him guilty of residential entry and attempted theft. At the sentencing hearing, counsel for the

parties presented argument concerning the presence of aggravators and mitigators. Thereafter, the trial court issued a sentencing statement and identified two mitigators: (1) Strobel waived a jury trial; and (2) he was at low risk to re-offend. *Appellant's App*. at 14. It also identified two aggravators: (1) Strobel had a criminal history consisting of three misdemeanors; and (2) the particular harm that occurred was greater than the elements needed to find Strobel guilty. *Id*. Finding that the aggravators outweighed the mitigators, the trial court sentenced Strobel to two and one-half years imprisonment at the Indiana Department of Correction ("DOC") for the Level 6 felony residential entry conviction and to one year of imprisonment at the Posey County Jail for the Class A misdemeanor attempted theft. *Id*. at 15. The trial court ordered the sentences to be served consecutively, for a total sentence of three and one-half years, with two years executed, and the remaining one and one-half years suspended to probation. Strobel now appeals.

## Discussion and Decision

[7] Strobel asserts that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court, and as long as a sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Barker v. State*, 994 N.E.2d 306, 311 (Ind. Ct. App. 2013) (citing *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218), *trans. denied*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Barker,* 994 N.E.2d at 311. A trial court may abuse its discretion by

failing to enter a sentencing statement, entering findings of aggravating and mitigating factors unsupported by the record, omitting factors clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law. *Anglemyer,* 868 N.E.2d at 490-91.

[8]     Strobel argues that the trial court abused its discretion by ordering him to serve "a maximum sentence." *Appellant's Br.* at 8. The sentencing range for Strobel's Level 6 residential entry conviction was six months to two and one-half years, with the advisory term being one year. Ind. Code § 35-50-2-7. For the Class A misdemeanor attempted theft conviction, Strobel faced up to one year in jail. Ind. Code § 35-50-3-2. While the trial court did impose the maximum two-and-one-half years for the residential entry and a consecutive one year for the attempted theft, for an aggregate three and one-half years of incarceration, it ordered that two years be executed, suspending the remainder to supervised probation.[4] As this court has observed, "[A] maximum sentence is not just a sentence of maximum length, but a *fully executed* sentence of maximum length" and that "[a]nything less harsh, be it placement in community corrections, probation, or any other available alternative to prison, is simply not a maximum sentence." *Jenkins v. State,* 909 N.E.2d 1080, 1085-86 (Ind. Ct. App. 2009) (emphasis in original), *trans. denied.* In this case, one and one-half years of Strobel's sentence were suspended, and, thus, contrary to Strobel's assertion, he did not receive the

---

[4] The trial court explained to Strobel that it was suspending a portion of his sentence to probation because "I want you to be on probation for a while. I am hoping that will help you once you get out[.] . . . I want you to have a chance to be successful[.]" *Tr.* at 9.

maximum sentence possible. *See Bratcher v. State*, 999 N.E.2d 864, 870-71 (Ind. Ct. App. 2013) (defendant's twenty-year sentence with five years suspended to probation for Class B felony, for which the sentencing range was between six and twenty years, was not "maximum sentence"), *trans. denied*.

[9] Strobel also argues that "the trial court erred by failing to consider the other statutory mitigating factors that were presented at the sentencing hearing," namely that (1) Strobel in the past had responded affirmatively to probation, (2) he owns his own business and supports family and incarceration would place undue hardship on his family and his business, and (3) he would benefit from treatment at a Veterans Administration facility for PTSD-type symptoms, not officially yet diagnosed, which stem from his prior military service. *Appellant's Br*. at 9-10. A trial court abuses its discretion in sentencing if it overlooks "substantial" mitigating factors that are "clearly supported by the record." *Anglemyer,* 868 N.E.2d at 491. The burden is on the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Corbett v. State*, 764 N.E.2d 622, 630 (Ind. 2002). A trial court is not required to find mitigating factors, nor is it obligated to accept as mitigating each of the circumstances proffered by the defendant. *Ashby v. State*, 904 N.E.2d 361, 363 (Ind. Ct. App. 2009). Furthermore, if the trial court does not find the existence of a mitigator after it has been argued by counsel, the court is not obligated to explain why it found the circumstance not to be mitigating. *Barker*, 994 N.E.2d at 311.

[10] Here, at sentencing, counsel for Strobel presented argument to the trial court concerning Strobel's past success with completing probation, the fact that he ran his own business and supported dependents, and that Strobel may suffer from PTSD-type of issues related to his prior military service. *Tr.* at 5-6. Neither Strobel nor the State presented any evidence at the hearing. The trial court was not obligated to accept Strobel's arguments concerning the proffered mitigators, and Strobel has failed to establish that the proffered mitigating circumstances were both significant and clearly supported by the record. To the extent that Strobel's claim is a challenge to the trial court's weighing of the aggravators and mitigators, that claim is not subject to appellate review. *See Benefield v. State*, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009) (relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion), *trans. denied*.

[11] Strobel also contends that the trial court improperly applied the aggravator that the particular harm that Strobel caused to the victims exceeded that necessary to find him guilty.[5] In order to find the impact on the victim's family to be an aggravating circumstance, the trial court must explain how the impact on the family was different than the impact which normally results from the commission of the offense. *McElroy v. State*, 865 N.E.2d 584, 590 (Ind. 2007).

---

[5] In his brief, Strobel characterizes this as "the main" aggravating factor used by the trial court. *See Appellant's Br.* at 6, 11, 12. However, the record before us reflects that the harm to the victims was one of two aggravating circumstances that the trial court identified, and nothing suggests that either was "the main" aggravator.

Also, such harm must have been foreseeable to the defendant. *Pickens. v. State*, 767 N.E.2d 530, 535 (Ind. 2002). Strobel argues on appeal that "the basic elements of the offense are very serious and traumatizing," and that, in this case, the impact on the victims was not so "destructive" that it was beyond the range of impacts "normally associated with the commission of the offense." *Appellant's Br*. at 6, 12. Further, he contends, any such destructive impact was not foreseeable to him.

[12] The limited record before us indicates that Strobel, along with Neighbors and the dog, were inside the Morgans' home while the Morgans were present, the Morgans heard the intruders and ordered them to leave, but Strobel nevertheless continued to try to open the door and gain access to interior areas of the home. The Morgans armed themselves with one or more firearms and confronted Strobel and Neighbors, who were strangers, and then Ben, while pointing a firearm at Strobel and Neighbors, walked them to their vehicle. As counsel and the trial court observed at sentencing, but for the Morgans' exercise of restraint, this story could have had a different ending, including with members of the Morgan family being injured. The trial court remarked that this case presented facts that "frankly I have not seen . . . in my experience," and it explained, "I am not using the elements of the crimes I found you guilty of to aggravate your sentence. I'm saying that what aggravates the sentence is the particular harm that occurred, not simply violating the law there." *Tr*. at 8. Strobel has failed to establish that the trial court abused its discretion when it considered the impact on the Morgan family to be an aggravating circumstance.

[13] However, even if, as Strobel claims, the trial court improperly relied on this circumstance to support the sentence imposed, we find no error. When a sentencing court improperly applies an aggravating circumstance, but other valid aggravating circumstances do exist, a sentence enhancement may still be upheld. *Guzman v. State*, 985 N.E.2d 1125, 1133 (Ind. Ct. App. 2013). A single aggravating factor is sufficient to warrant an enhanced sentence. *Id.* Here, the trial court identified as an aggravator that Strobel has a criminal history, which was comprised of several Class A misdemeanor convictions: criminal trespass in 2009; battery resulting in bodily injury in 2011; and invasion of privacy in 2011. Strobel acknowledges his criminal history, *Appellant's Br.* at 6, and he does not challenge its validity as an aggravating circumstance. Strobel's criminal history was a proper aggravating circumstance. *See Deloney v. State*, 938 N.E.2d 724, 732 (Ind. Ct. App. 2010) (trial court was within its discretion to consider defendant's "somewhat brief" criminal history as an aggravating factor), *trans. denied.* Strobel has failed to show that the trial court abused its discretion when it imposed its sentence.

[14] Strobel also contends that the trial court abused its discretion by ordering that the sentences for Counts 2 and 3 be served consecutive to each other. The imposition of consecutive sentences is a separate and discrete decision from sentence enhancement, although both may be dependent upon the same aggravating circumstances. *Mathews v. State*, 849 N.E.2d 578, 589 (Ind. 2006); *see also Moore v. State,* 907 N.E.2d 179, 181 (Ind. Ct. App. 2009) (noting the trial court "may rely on the same reasons to impose an enhanced sentence and also

impose consecutive sentences"), *trans. denied.* Whether to impose consecutive or concurrent sentences is within the trial court's sound discretion and is reviewed only for an abuse of discretion. *Henderson v. State*, 44 N.E.3d 811, 814 (Ind. Ct. App. 2015) (citing *Gellenbeck v. State,* 918 N.E.2d 706, 712 (Ind. Ct. App. 2009)). The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances. *Gellenbeck*, 918 N.E.2d at 712.

[15]     Indiana Code section 35-50-1-2 provides:

> [T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the:
>
> (1) aggravating circumstances in IC 35-38-1-7.1(a); and
>
> (2) mitigating circumstances in IC 35-38-1-7.1(b) in making a determination under this subsection[.]

Ind. Code § 35-50-l-2(c). The trial court must find at least one aggravating circumstance before imposing consecutive sentences. *Henderson*, 44 N.E.3d at 814. Here, the trial court found two aggravators. Accordingly, the trial court did not abuse its discretion when it ordered Strobel to serve the residential entry sentence consecutive to the attempted theft sentence.

[16]     Strobel has not shown that the trial court abused its discretion when it sentenced him to three and one-half years, of which one and one-half years was suspended to supervised probation.

Affirmed.

May, J., and Crone, J., concur.