## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 13 2018, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael S. Duffield,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 13, 2018

Court of Appeals Case No.
18A-CR-213

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-1607-FB-4

**Friedlander, Senior Judge.**

[1] Michael S. Duffield appeals the sentencing order imposed by the trial court after a jury determined he was guilty of incest, a Class B felony. We affirm.

[2] In 2016, J.D. disclosed that, in 2001, her uncle, Duffield, had sexual intercourse with her on several occasions. She was fifteen years old at the time. J.D. first told her parents and then told law enforcement.

[3] The State charged Duffield with one count of incest, a Class B felony. A jury determined Duffield was guilty. On January 4, 2018, the trial court sentenced Duffield to fifteen years, with the final two years of the sentence suspended to probation. The court also ordered Duffield to participate in sex offender treatment. The court further directed him to pay restitution for J.D.'s counseling and forbade him to contact her.

[4] In addition, the court ordered Duffield to pay: (1) a $500 sex assault victim's fee; (2) a $100 child abuse prevention fee; and (3) court costs, all to be paid within thirty days. The court informed Duffield that failure to timely pay the fees and costs would result in the imposition of late payment fees but that "the defendant, if indigent, shall not be incarcerated for failure to pay fines and costs." Appellant's App. Vol. 2, p. 18. The court further imposed a fine of $10,000 but suspended it. Finally, the court appointed counsel to represent Duffield on appeal. This appeal followed.

[5] Duffield does not contest his conviction or his fifteen-year sentence.[1] Instead, he claims the trial court improperly imposed a late fee for nonpayment of fees

---

[1] To the contrary, Duffield concedes: "[s]ufficient evidence exists to support the conviction, and the trial court did not abuse its discretion in sentencing Duffield." Appellant's Br. p. 4, n 1.

and costs. Sentencing decisions include decisions to impose fees and costs. *Johnson v. State*, 27 N.E.3d 793 (Ind. Ct. App. 2015). A trial court's sentencing decisions are reviewed under an abuse of discretion standard. *Id.* An abuse of discretion occurs when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Coleman v. State*, 61 N.E.3d 390 (Ind. Ct. App. 2016).

[6]     Indiana Code section 33-37-5-22 (2013) provides, in relevant part: (1) if a defendant is convicted of a crime; and (2) the court imposes court costs, fees, or fines; and (3) the defendant has not been determined to be indigent; and (4) the court is governed by a local rule that imposes a late payment fee;[2] and (5) the defendant fails to timely pay the costs, fees, or fines; then (6) the clerk of courts "shall" collect a late payment fee of twenty-five dollars. "[A] court may suspend a late payment fee if the court finds that the defendant has demonstrated good cause for failure to make a timely payment of court costs, a fine, or a civil penalty." *Id.*

[7]     In this case, the trial court's final judgment ordered Duffield to pay fees and court costs within thirty days or he would be subject to late payment fees. The State correctly notes the record does not indicate that Duffield failed to meet the

---

[2] Neither party directs us to a local rule, but Elkhart County Circuit and Superior Courts Local Rule 2 appears to meet the criteria of Indiana Code section 33-37-5-22 because it imposes a $25.00 late fee for failure to timely pay costs, fines, and penalties.

payment deadline. In the absence of proof that the late payment fee has actually been assessed, Duffield has not suffered any harm from the trial court's order.

[8] Duffield further argues that the court's mere statement that he could be required to pay late fees is an abuse of discretion because he is indigent. We disagree. The trial court appointed counsel to represent Duffield on appeal, but while a trial court's appointment of counsel for a defendant implies a finding of indigency, the appointment of counsel is not conclusive as to the defendant's inability to pay costs. *Briscoe v. State*, 783 N.E.2d 790 (Ind. Ct. App. 2003).

[9] Further, although a trial court has an affirmative duty to conduct an indigency hearing at some point if it imposes fines or costs as part of a defendant's sentence, *id.*, "[a] trial court acts within its authority when it chooses to wait and see if a defendant can pay probation fees before it finds the defendant indigent." *Johnson v. State*, 27 N.E.3d at 795. At sentencing, Duffield told the court he had a truck that he might be able to sell for "six, seven hundred dollars." Tr. Vol. III, p. 111.

[10] We conclude the trial court did not abuse its discretion in stating that Duffield would be subject to late payment fees for failure to timely pay court costs and fees. We expect that if the clerk seeks to impose late payment fees on Duffield, the court will make an indigency determination and will further allow Duffield an opportunity to otherwise demonstrate good cause for failure to make timely payment per Indiana Code section 33-37-5-22.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Baker, J., and Riley, J., concur.